ATTWOOD C. DUNCAN *v.* STATE OF ARKANSAS

CR 73-26                                494 S.W. 2d 127

Opinion delivered May 14, 1973

*Robert Edwards,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Richard Mattison,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. In early 1972 appellant was convicted of burglary and grand larceny in White County and was given 25 years on each count. He was sentenced under our habitual criminal statute as a fourth offender. The matter now before us is based on a Rule I petition. First, appellant contends that the prior offenses should not have been introduced against him because he had ineffective assistance of counsel. Secondly, he insists that he received a pardon from one of those prior convictions and therefore it was error to use that conviction against him.

We find no merit in appellant's contention that he had ineffective assistance of counsel. All of the convictions which we shall describe occurred in Bradley County. The first offense was in 1956, burglary and grand larceny, case number 1698. Attorney Tom Haley was appointed to defend. Appellant entered a plea of guilty. He received a sentence of five years, two years of which were suspended during good behavior. Within a short time after being released from the penitentiary appellant went on a crime spree in Bradley County which resulted in charges of assault to rape, two burglaries, grand larceny, and jail escape. The docket sheets show that in all of the cases appellant was represented by appointed counsel.

Appellant contends that the ineffectiveness of counsel is revealed by the fact that (1) the court changed his attorneys three times in six months, that (2) the record shows that one of the appointed attorneys represented appellant after that attorney had been permitted to withdraw from the case, and that (3) the fact that he received the maximum sentence in two cases shows that his counsel did not effectively utilize plea bargaining. Argument (1) merely states a conclusion and there is no attempt to show just how the changes in attorneys affected appellant's rights. Argument (2) is based on the fact that Attorney Max Smith was permitted to withdraw on September 5 while the docket shows Mr. Smith appeared for appellant on September 15. In absence of proof to the contrary we assume the trial court had good reason to ask

Attorney Smith to reappear for appellant. Furthermore, no proof was offered to the effect that the reappearance of Attorney Smith was prejudicial to appellant. Argument (3)—failure to utilize plea bargaining—is likewise without merit. In fact the allegation is based on a mere presumption arising from the fact that appellant received maximum sentences for burglary and grand larceny. After all, appellant's attorneys had little room for bargaining. Within a matter of months this appellant committed a series of serious crimes, to all of which he entered pleas of guilty. Nevertheless, someone undoubtedly intervened in appellant's behalf. That is evidenced by the fact that two years of his first sentence was suspended, that a twenty-one year sentence was ordered to run concurrently with other sentences, and that the charge of jail escape was passed indefinitely.

In 1967 appellant obtained a pardon from Governor Rockefeller from one of his twenty-one year sentences imposed in Bradley County. That was in case number 1823. Because of the pardon appellant contends that it was error to use that conviction to enhance his sentence in the case in White County. We consider the point meritorious. That conclusion is due to a combination of two factors. First, the United States Supreme Court held in *Ex parte Garland,* 4 Wall. 333 at page 380 (1866): "A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and, when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense." Our court quoted the foregoing with approval in *Williams* v. *Brents,* 171 Ark. 367, 284 S.W. 56 (1926). It can be forcefully argued that the recited quotation was dictum in *Williams*; however, there is another factor, when combined with at least the persuasiveness of *Williams,* which swings the pendulum in favor of appellant's point. Prior to our present habitual criminal law, our law provided that "Any person convicted of any offense punishable by imprisonment in the penitentiary, who has been discharged, either upon compliance with the sentence or upon pardon or parole, and shall subsequently be convicted of any offense committed after such discharge, pardon or parole, shall be punishable as follows:

. . . . ." Ark. Stat. Ann. § 43-2328 (Repl. 1964). The recited provision was changed in 1967 to read: "Any person convicted of an offense, which is punishable by imprisonment in the penitentiary, who shall subsequently be convicted of another such offense, shall be punished as follows: . . . . ." Ark. Stat. Ann. § 43-2328 (Supp. 1971). Thus it can be argued with considerable force that the legislature chose not to include pardoned convictions under the later statute. That is the conclusion we reach when we combine the persuasiveness of the two factors—the statement in the *Williams* case and the deletion made by the legislature.

Our holding on the second point does not require a reversal. Not counting the pardoned crime, appellant had three prior felony convictions in Bradley County and two convictions were added in White County. That made him guilty of a fifth subsequent offense. The minimum time he could have received under § 43-2328 (3) was 21 years on each count. By reducing his sentences to the minimum time, any possibility of prejudice is removed. His sentences are therefore modified accordingly.

Affirmed as modified.