Melvin HALL and Sandra HALL *v.* STATE of Arkansas

CR 90-77                                    789 S.W.2d 456

Supreme Court of Arkansas
Opinion delivered May 29, 1990

*John Wesley Hall, Jr., P.C.,* by: *Craig Lambert,* for appellant.

*Steve Clark,* Att'y Gen., by: *John D. Harris,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellants were charged with a felony. Both moved to suppress the evidence against them. The trial court denied the motion. They entered conditional pleas of guilty and appeal. *See* A.R.Cr.P. Rule 24.3(b). We reverse.

At 6:00 p.m., on February 26, 1987, a confidential informant told Saline County Deputy Sheriff Tim Ryals that appellants were selling drugs illegally at their residence, and that the confidential informant had purchased marijuana from them within the last seventy-two hours. An affidavit and a search warrant were prepared by a deputy sheriff. Officer Ryals and another deputy took the informant to the municipal judge's home at 11:00 p.m. The judge swore the informant to tell the truth. Her testimony was not recorded. She made two written corrections in the typed affidavit and signed it. Officer Ryals made some statements to the judge, but he apparently was not sworn. His statements are not recorded. There is nothing in the affidavit to

indicate that a nighttime search was necessary. The judge signed the warrant and made a handwritten notation on the margin that it could be served anytime day or night. Officer Ryals and other members of the sheriff's department executed the warrant at appellants' home between 1:00 a.m. and 3:00 a.m. that same night. They seized evidence and gave the appellants a copy of the affidavit, which was signed by the confidential informant, and gave them a copy of the warrant. The next day officer Ryals took the affidavit back, and eradicated the affiant's name.

Appellants filed their motions to suppress. The trial judge acknowledged that the affidavit and warrant did not give reasons for a nighttime search, but, considering all of the circumstances, held that a good faith exception should be applied. Thus, the motion to suppress was denied.

A.R.Cr.P. Rule 13.1(c) requires the recordation of oral testimony. When testimony is not recorded we do not consider it. *Jackson* v. *State*, 291 Ark. 98, 722 S.W.2d 831 (1987); *see also Lunsford* v. *State*, 262 Ark. 1, 552 S.W.2d 646 (1977). The considerations for such a rule "are particularly appropriate for the review of ex parte proceedings involving the valued right of privacy. They also serve to minimize the necessity of calling magistrates to prove what can easily be documented." *Jackson* v. *State, supra.* Thus, we only consider the information contained in the affidavit.

The affidavit recited that illegal drugs were at the appellants' residence and that the confidential informant had purchased marijuana there within the last seventy-two hours.

We have consistently held that the affidavit must set out facts showing reasonable cause to believe that circumstances exist which justify a nighttime search. *State* v. *Broadway*, 269 Ark. 215, 599 S.W.2d 721 (1980); *Harris* v. *State*, 262 Ark. 506, 558 S.W.2d 143 (1977). Our rules provide that, before a nighttime warrant is issued, the issuing judicial officer must have reasonable cause to believe that:

(i)   the place to be searched is difficult of speedy access; or

(ii)  the objects to be seized are in danger of imminent removal; or

(iii)   the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;

The affidavit in this case does not set out probable cause for the issuing magistrate to find any of the three circumstances set out above. It simply provides that illegal drugs are located at the residence and that the informant purchased marijuana there within the last three days. There is nothing to give reasonable cause to believe the drugs would be disposed of, removed, or hidden before the next morning. Thus, the issuance of the nighttime search warrant was in error. Our holding is in accord with *State* v. *Broadway*, 269 Ark. 215, 599 S.W.2d 721 (1980), a case with very similar facts.

Even though the issuance of the search warrant was in violation of Rule 13.2(c), a motion to suppress will not be granted unless the violation is "substantial." A.R.Cr.P. Rule 16.2(e). In *State* v. *Broadway, supra*, we held the violation was substantial. We also do so in this case. The nighttime intrusion into a private home is the violation of an important interest, and from the record before us there is nothing to indicate that the evidence would not still have been there the next morning.

We do not limit the good faith exception, first articulated in *Leon* v. *United States*, 468 U.S. 897 (1984), to violations of the Constitution. In the appropriate case we will apply the exception to our Rules. The first issue then is whether the search warrant is so facially deficient that a reasonably well trained officer would have known that the search was illegal despite the issuing judge's authorization. The second issue is whether the magistrate abandoned his neutral and detached status and became a mere rubberstamp for the police. Because we answer the first question affirmatively, we do not reach the second.

The issue is whether the officers had knowledge that the search violated our rules of criminal procedure. *See United States* v. *Leon, supra*. The standard for deciding this issue is an objective one. It is not based upon the subjective good faith of individual officers. This objective standard requires officers to have a reasonable knowledge of what our rules prohibit. Here, neither the affidavit which was attached to the warrant, nor the search

warrant, stated a need for a nighttime search. We have no doubt that an officer with reasonable knowledge of our rules of criminal procedure would know that a search made at night without a supporting showing is illegal. Accordingly, we decline to apply a good faith exception to the violation of our rules of criminal procedure.

Reversed and remanded for the appellants to be allowed to withdraw their conditional pleas of guilty.