Michael David GARNER *v.* STATE of Arkansas

CR 91-103                                              820 S.W.2d 446

Supreme Court of Arkansas
Opinion delivered November 25, 1991

*R. Wayne Davis*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Jeff Vining*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case concerns the execution of a nightime search warrant and the circuit court's denial of appellant Michael David Garner's motion to suppress the evidence seized as a result of the search. The appellant was charged with possession of a controlled substance — specifically, marijuana — with intent to deliver but was convicted of the lesser offense of mere possession, which is a misdemeanor. He was sentenced to one year in the county jail and fined $1,000. He now appeals on the basis that insufficient facts were contained in the officers' affidavit to establish reasonable cause for a nighttime search. We agree with the appellant, and we reverse and remand.

At 1:25 a.m. on the morning of October 10, 1989, Cleburne County Sheriff Jerry Holmes and officers of the Heber Springs Police Department met with Municipal Judge Navada Richardson at the Stone County Sheriff's office. The purpose of the meeting was for the officers and sheriff to present an affidavit for a search warrant to the judge in order to justify a nighttime search of the appellant's premises. The affidavit was completed on a printed form. It was signed by the Cleburne County Sheriff and a Heber Springs detective and notarized by the judge.

In the affidavit, the appellant's premises were identified, and directions to the premises were given. The dwelling to be searched was located more than 12.5 miles from the Stone County courthouse. The property to be seized was described as marijuana and drug paraphernalia. The facts establishing grounds for the search can be summarized as follows:

a. An individual arrested on February 3, 1988, for possession of controlled substances with intent to deliver had stated that he bought the drugs from the appellant.

b. During the past sixty days, the sheriff's office and the police department had received information from various sources that several purchases of marijuana had been made from the appellant.

c. On the night of October 9, 1989, a person was arrested for possession of marijuana and stated in an interview that the purchase had been made from the appellant one hour earlier and that a quantity of marijuana had been observed in the trailer where the purchase had taken place. The person further stated that he or she had purchased marijuana from the appellant twenty-five times during the past five months ranging from two ounces to one pound.

Printed at the top of the affidavit form was the phrase "Day or Night Time Search." Beneath the legend were three designated reasons to justify a day or nighttime search with a line beside each one to check:

_____(a) The place to be searched is difficult of speedy access; or

_____(b) The objects to be seized are in danger of imminent removal; or

_____(c) The Warrant can only be safely or successfully executed at night time or under circumstances the occurr[a]nce of which is difficult to predict with accuracy.

The lines beside (a) and (c) had been checked by the officers.

The search-and-seizure warrant signed by the judge also was a printed form, which stated that the search would be carried out between the hours of 6:00 a.m. and 8:00 p.m. At the top of the form was printed "Daytime Search Only." The word "Daytime" had been scratched through and the word "Nighttime" written in with the date and the judge's initials.

The sheriff, three deputies, and the police detective then executed the warrant the morning of October 10, 1989, between the hours of 2:30 a.m. and 4:15 a.m. They seized a quantity of marijuana, arrested the appellant, and charged him with possession of a controlled substance with intent to deliver.

Before the trial began, the appellant moved to suppress the drugs seized on multiple grounds, including violation of our criminal rules and state and federal constitutional protections against unreasonable searches and seizures. After a suppression hearing, the circuit judge denied the motion, and the appellant

was subsequently convicted of the misdemeanor offense.

■ The appellant's first argument on appeal is that insufficient facts were presented in the affidavit to support a nightime search under our Rules of Criminal Procedure and that those facts that were presented simply traced the rule and were conclusory. This argument has merit. Our Rules provide three bases for reasonable cause to justify a nightime search:

Upon a finding by the issuing judicial officer of reasonable cause to believe that;

(i) the place to be searched is difficult of speedy access; or

(ii) the objects to be seized are in danger of imminent removal; or

(iii) the warrant can only be safely or successfully executed at nightime or under circumstances the occurrence of which is difficult to predict with accuracy;

Ark. R. Crim. P. 13.2 (1991). Moreover, our cases have consistently held that a factual basis supporting a nighttime search is required as a prerequisite to the issuance of a warrant. *See State v. Martinez*, 306 Ark. 353, 811 S.W.2d 319 (1991); *Hall v. State*, 302 Ark. 341, 789 S.W.2d 456 (1990); *State v. Broadway*, 269 Ark. 215, 599 S.W.2d 721 (1980).

In *State v. Broadway*, the affidavit at issue ended with the statement: "Having found reasonable cause to believe that the substance described herein could be removed unless the search is conducted immediately, you are hereby commanded to search the above described premises of property at anytime of the day or night." The search warrant, which was also on a printed form, contained identical language. We held in *Broadway* that even though language was included both in the affidavit and search warrant that the substances could be removed, there was no factual basis for that conclusion or to support a nighttime search. We then stated:

An affidavit should speak in factual and not mere conclusory language. It is the function of the judicial officer, before whom the proceedings are held, to make an independent and neutral determination based upon facts,

not conclusions, justifying an intrusion into one's home. 269 Ark. at 218, 599 S.W.2d at 723. We added that we could not construe the potential for removal as described in the affidavit to mean that the property was in imminent danger of removal as Rule 13.2 requires, and we affirmed the circuit court's suppression of the evidence.

In *Hall* v. *State*, sworn testimony was taken before the municipal judge to justify the nighttime search, but it was not recorded. There was nothing in the officer's affidavit to justify a nighttime search or to satisfy Rule 13.2. The judge issued the warrant and noted in his handwriting that it could be served any time, day or night. The warrant was then executed between the hours of 1:00 a.m. and 3:00 a.m. Again, we held that the affidavit must describe facts showing reasonable cause to believe that circumstances exist which justify a nighttime search, and this the officer had failed to do. We further held that this lapse was a substantial violation under our Rules which necessitated suppression of the seized evidence. *See* Ark. R. Crim. P.16.2 (1991).

In *State* v. *Martinez*, the affidavit for search warrant was silent on grounds supporting reasonable cause, and we held that the conduct of a nighttime search without factual justification was a substantial violation warranting suppression under our Rules.

In the case before us, the officers merely placed checks on two lines in front of conclusory statements to establish reasonable cause. Ironically, the line beside the statement that the objects to be seized were "in danger of imminent removal" was not checked. It is clear that the affidavit form was drafted to mirror the bases for reasonable cause set out in Rule 13.2. Indeed, the language is virtually the same. In sum, the affidavit was bare-bones, as it related to the nighttime search.

Our holdings in *Broadway, Hall*, and *Martinez* require more than the officers provided in this case. Under those holdings, conclusory statements did not suffice to establish the requisite factual basis for reasonable cause. The same is true in this case. We, therefore, hold that the two statements "checked" were conclusory and unsupported by sufficient facts and, accordingly, did not establish reasonable cause for a nighttime search. Without

sufficient factual premises, it was impossible for the municipal judge to make an intelligent finding of reasonable cause to justify a nighttime search. The circuit court, in reviewing the affidavit, did find that the municipal judge had sufficient facts before her to establish reasonable cause and noted that the affidavit referred to the difficulty of speedy access and the need for a safe and successful execution to occur at night. However, this was clear error due to the lack of a factual basis for the two conclusions for the reasons already stated.

We turn next to the issues of whether this failure to establish reasonable cause with sufficient facts was a substantial violation of our Rules so as to warrant suppression of the evidence obtained. We hold that it was a substantial violation. In determining such a violation, our Rules require that the circuit court consider the following:

> (i)  the importance of the particular interest violated;

> (ii)  the extent of deviation from lawful conduct;

> (iii)  the extent to which the violation was willful;

> (iv)  the extent to which privacy was invaded;

> (v)  the extent to which exclusion will tend to prevent violations of these rules;

> (vi)  whether, but for the violation, such evidence would have been discovered; and

> (vii)  the extent to which the violation prejudiced moving party's ability to support his motion, or to defend himself in the proceedings in which such evidence is sought to be offered in evidence against him.

Ark. R. Crim. P. 16.2 (1991).

■  The trinity of cases previously cited — *State* v. *Martinez*, *Hall* v. *State*, and *State* v. *Broadway* — all held that substantial violations occurred under Rule 16.2 due to failure to justify a nighttime search with sufficient factual information. The case before us is not markedly different from this precedent. The privacy of the citizens in their homes, secure from nighttime intrusions, is a right of vast importance as attested not only by our

Rules but also by our state and federal constitutions. Intrusion without sufficient factual justification under circumstances such as we have here substantially violates our Rules, and our previous cases have so held. Moreover, as was the situation in *State* v. *Martinez*, there is nothing in the record before us to indicate that the evidence would not have been there the next morning.

The final issue is whether the executing officers operated in good faith under *United States* v. *Leon*, 468 U.S. 897 (1984), and if so, whether that salvages an otherwise defective search and seizure. We have previously held that we would apply the *Leon* good-faith exception to our criminal rules under appropriate circumstances. *See Hall* v. *State*, 302 Ark. 341, 789 S.W.2d 456 (1990).

In *Leon*, the Court cited four instances in which suppression of evidence is an appropriate remedy, or, stated differently, where the objective good faith of the officers would not save the warrant:

1. Where the officers misled the issuing judge with information they knew was false or would have known was false, except for reckless disregard of the truth.

2. Where the issuing judge abandons the judicial role of neutrality and detachment and becomes an adjunct law enforcement officer.

3. Where the officers' affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

4. Where the search warrant is facially deficient in failing to identify the place to be searched or things to be seized.

468 U.S. at 923. The Court was also emphatic in its decision that suppression of evidence is designed to deter police misconduct rather than to punish the issuing judges for their errors.

Our concern today is for the integrity of our Rules. If they are to have any meaning relative to nighttime searches, more must be shown the municipal judge than was offered in this case. Subjectively, the executing officers no doubt believed that they were complying with the law because they were using a printed form. Objectively, the affidavit and warrant were lacking in any

indicia of a reasonable cause for a nighttime search other than a reiteration of the conclusory language in our Rules. Certainly no factual basis was given, as has already been discussed. We hasten to add that there may have been oral statements to the municipal judge, but as the circuit court correctly stated at the suppression hearing, oral statements were not recorded and, hence, cannot be considered on review.

▮ To conclude, we decline to apply the *Leon* good-faith exception to this case on the basis that, objectively speaking, the deficiencies in the affidavit should have been a red flag to the officers warning them of a lack of reasonable cause to support the search.

For the foregoing reasons, we hold that the circuit court erred in denying the appellant's motion to suppress, and we reverse and remand.