James A. RICHARDSON *v.* STATE of Arkansas

CR 93-246 863 S.W.2d 572

Supreme Court of Arkansas
Opinion delivered October 25, 1993

*Kit Williams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, James A. Richardson, was found guilty by a jury of four (4) counts of rape by engaging in deviate sexual activity with other persons who were less than fourteen (14) years of age in violation of Ark. Code Ann. § 5-14-103 (1987). Appellant was also found guilty of one count of engaging children in sexually explicit conduct for use in visual or print medium in violation of Ark. Code Ann. § 5-27-303 (1987). Appellant was sentenced to forty (40) years imprisonment for each rape charge and ten (10) years imprisonment and a ten thousand dollar ($10,000) fine for the charge of engaging children in sexually explicit conduct for use in visual or print medium. The terms of imprisonment were ordered to run consecutively for a total sentence of one hundred seventy (170) years. Appellant appeals from this sentence and asserts many errors occurred below which require us to reverse and dismiss two of the charges and remand the remaining charges for a new trial. We hold appellant's four convictions for rape should be reversed and remanded for a new trial and appellant's conviction for engaging children in sexually explicit conduct for use in visual or print medium should be reversed and dismissed. Accordingly, we will

address only those points necessary for us to explain our disposition of this case and those likely to occur on remand.

## I. PECUNIARY PROFIT

Appellant argues the trial judge erred in denying his motion for a directed verdict on the charge of engaging children in sexually explicit conduct for use in visual or print media in violation of Ark. Code Ann. § 5-27-303. Appellant moved for a directed verdict on the basis the state had not proven the photographs were taken for "pecuniary profit." The trial judge ruled "pecuniary profit" was not an element of the crime.

Section 5-27-303 provides in pertinent part:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any child to engage in, or who has a child assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual or print medium depicting such conduct shall be guilty of a Class C felony for the first offense and a Class B felony for subsequent offenses.

At issue is the definition of "producing" as used in the statute. "Producing" is defined at Ark. Code Ann. § 5-27-302(3) (1987) as "producing, directing, manufacturing, issuing, publishing, or advertising for pecuniary profit." Appellant contends "pecuniary profit" modifies producing, directing, manufacturing, issuing, publishing, and advertising. Appellant contends that to read the statute in any other way results in the absurd consequence that only advertising not for pecuniary profit is prohibited. Appellant also points to the other sections in Act 499 of 1979 as indicating the legislature's intent to limit the statute to the production of visual or print media for pecuniary profit. The state argues that the rules of statutory construction require a limiting clause to be restrained to the last antecedent, unless the subject matter requires a different construction. Sutherland Stat Const § 47.33 (5th Ed). Therefore, the state argues since there is no comma preceding the phrase "for pecuniary profit", the phrase only modifies advertising and "pecuniary profit" is not an element of the crime which applies to producing, directing, manufacturing, issuing or publishing.

The definition at issue was originally enacted pursuant

to Act 499 of 1979. The definition of "producing" in Act 499 contained a comma after the word "advertising" and before the phrase "for pecuniary profit." The pertinent provision of Act 499 reads: " 'Producing' means producing, directing, manufacturing, issuing, publishing, or advertising, for pecuniary profit." As originally codified at Ark. Stat. Ann. § 41-4202 (Supp. 1985) the definition of "producing" also contained a comma after "advertising" and before "for pecuniary profit." Thus, it is clear to us that the legislature intended pecuniary profit to modify not just advertising, but also producing, directing, manufacturing, issuing, and publishing.

 Additional authority for determining the legislature intended for "pecuniary profit" to modify all the preceding terms is provided by House Bill 1471 of 1987. In H.B. 1471, the General Assembly

"authorize[d] and empower[ed] the Arkansas Statute Revision Commission to revise, codify, and publish a code of all the statute law of the State of Arkansas of a general and permanent nature, *but without changing the substance or meaning of any provision of the statutes and after approval and adoption by the Arkansas General Assembly*[.]" [Emphasis added.]

The result was the Arkansas Code of 1987. H.B. 1471 also provided in pertinent part:

SECTION 4. (b) All acts, codes, and statutes, and all parts of them and all amendments to them of a general and permanent nature in effect on December 31, 1987, are repealed unless:

. . . .

(2) Omitted improperly or erroneously as a consequence of compilation, revision, or both, of the laws enacted prior to the Code, including without limitation any omissions that may have occurred during the compilation, revision, or both, of the laws comprising the Code; . . . .

. . . .

(c) In the event one of the exceptions in subsection (b) should be applicable, the law as it existed on December 31,

1987, shall continue to be valid, effective, and controlling.

Removal of the comma changed the substance and meaning of section 41-4202. Obviously, the absence of the comma after the word advertising was an omission as contemplated under Section 4(b) of H.B. 1471. Therefore, the law as it existed on December 31, 1987, is controlling. The law as it existed on December 31, 1987, contained a comma after the word advertising. Thus, "for pecuniary profit" is a required element of proof under the statute. The state failed to present proof appellant took the photographs "for pecuniary profit." This charge should properly have been dismissed.

## II. SEARCH WARRANT

Appellant raises two arguments urging us to find the search warrant used to obtain photographs and other evidence introduced at trial was invalid and the evidence should have been suppressed. Appellant first argues that there was no probable cause to issue the search warrant for his home. Appellant's second argument is that the evidence seized from his home should have been suppressed because it was obtained as a result of an illegal nighttime search. Since we find appellant's nighttime search argument has merit, we do not reach his probable cause argument.

Appellant contends the evidence seized from his home should have been suppressed because it was obtained as a result of an illegal nighttime search. We refer to searches which occur after 8 p.m. as "nighttime" searches in our case law. The search warrant at issue was executed at approximately 8:45 p.m. and the search continued until around midnight. The trial judge determined the evidence should not be suppressed. When reviewing a trial judge's ruling on a motion to suppress, we make an independent determination, based on the totality of the circumstances and reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *Cavin v. State*, 313 Ark. 238, 855 S.W.2d 285 (1993).

Ark. R. Crim. P. 13.2(c) provides:

> Except as hereafter provided, the search warrant shall provide that it be executed between the hours of six a.m. and eight p.m., and within a reasonable time, not to exceed

sixty (60) days. Upon a finding by the issuing judicial officer of reasonable cause to believe that:

(i) the place to be searched is difficult of speedy access; or

(ii) the objects to be seized are in danger of imminent removal; or

(iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;

the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, and within a reasonable time not to exceed sixty (60) days from the date of issuance.

The warrant in this case contained two different places the issuing magistrate could check to indicate when the warrant could be executed. The magistrate in this case checked the box next to the phrase "between six (6:00) AM and ten (10:00) PM o'clock." The other box the magistrate could have checked read as follows:

( ) at any time during the day or night, after finding this is necessary because:

( ) The (person/s) (place) (object/s) to be searched is difficult of speedy access;

( ) the objects to be seized are in danger of imminent removal;

( ) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy[.]

■■ We have consistently held that a factual basis supporting a nighttime search is required as a prerequisite to the issuance of a warrant authorizing a nighttime search. *Garner v. State*, 307 Ark. 353, 820 S.W.2d 446 (1991). The warrant was obtained based on information given to the affiants, Detective Joseph Scott Stidman and Detective Robert Turberville, on May 12, 1992, about events occurring at appellant's home on or about

May 2, 1992. The affidavit contains a statement that "[i]t is further believed that the above described illegal items are in danger of being removed from said premises or destroyed." We have held conclusory language such as this unsupported by facts is insufficient to justify a nighttime search. *State* v. *Broadway*, 269 Ark. 215, 599 S.W.2d 721 (1980). Given that there was nothing to give reasonable cause to believe the items specified in the search warrant would be disposed of, removed, or hidden before the next morning, issuance of the nighttime search warrant was in error. *State* v. *Martinez*, 306 Ark. 353, 811 S.W.2d 319 (1991); *Hall* v. *State*, 302 Ark. 341, 789 S.W.2d 456 (1990).

■ However, even when a search warrant is issued in violation of Rule 13.2(c), a motion to suppress will not be granted unless the violation is "substantial." *Hall*, 302 Ark. 341, 789 S.W.2d 456. We have repeatedly held that failure to justify a nighttime search with sufficient factual information results in a substantial violation. *Garner*, 307 Ark. 353, 820 S.W.2d 446.

■ Therefore, we must consider whether the executing officers acted in good faith under *United States* v. *Leon*, 468 U.S. 897 (1987), and, if so, whether that salvages an otherwise defective search and seizure. *Id.* While subjectively the police officers executing the warrant apparently believed they were complying with the law since the printed form appeared to authorize a search until ten (10) p.m., we apply an objective standard in deciding whether the executing officers acted in good faith. *Id.* Our rules of criminal procedure provide that a search conducted after 8 p.m. requires a finding by the issuing judge that the warrant should be executed at any time, day or night because one of the three circumstances set out in Ark. R. Crim. P. 13.2(c) exists. The objective standard requires officers to have a reasonable knowledge of what our rules require. *Hall*, 302 Ark. 341, 789 S.W.2d 456. At the suppression hearing, Detective Stidman testified he was familiar with our rules. We have held that where no factual basis supports the issuance of a warrant for a nighttime search, the *Leon* good-faith exception is not applicable. *Id.* For these reasons, we hold the trial court erred in denying appellant's motion to suppress the evidence seized pursuant to the search warrant.

■ Finally, we must decide what effect the suppression of this evidence has on appellant's rape convictions. The evidence seized which was introduced at trial consisted of various books with the following titles: *Sexual Experience Between Men and Boys; Boyhood; Lewis Carroll's Photographs of Nude Children; The Child Lovers; Playtime Pals II; Show Me; Coming Out; Nudist Studio Review; Boys Studies* Volume No. II; *Boys Studies* No. III, and *Piccolo*. Also introduced were: photographs of the three (3) boys who testified appellant raped them and took naked photographs of them; a paper sack containing several pairs of boys underwear; a box containing literature and about fifteen sexual devices; and six (6) copies of a certificate purporting to grant a one-fifth (1/5) interest in a three-wheeler. This evidence undoubtedly influenced the jury's decision and was prejudicial to appellant. Therefore, the rape charges must be reversed and remanded for a new trial.

## III. SEVERANCE

Appellant next argues the trial judge erred in refusing to grant severance of the charges against him. Appellant asked for severance of each of the rape charges and of the charge of engaging children in sexually explicit conduct for use in visual or print medium. Since we have dismissed the charge of engaging children in sexually explicit conduct, we will address the issue of severance only as to the rape charges.

■ Granting or refusing a severance is a matter within the discretion of the trial court. *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). Where the facts necessary to prove the offenses would almost be required in each trial if a severance were granted and the evidence would be used in each trial to prove a plan, scheme, motive or state of mind, there is no abuse of discretion in refusing to sever the cases. *Id.* When the charge concerns the sexual abuse of children, we have held that evidence of sexual abuse with children other than the victim is admissible to show motive, intent, or plan pursuant to A.R.E. Rule 404(b). *Id.*

In this case, appellant was charged with four counts of rape involving three victims. All of the alleged events occurred at appellant's home. Two of the victims J. L. and D. W. testified that they were at appellant's home at the same time when appellant

told both victims to come into his bedroom where he performed oral sex on one victim while the other child performed anal sex on appellant. Each of these victims testified that appellant performed oral sex on them and J. L. testified that he also saw appellant perform oral sex on D. W. D. W. also testified that appellant performed anal sex on him on a different occasion. M. H. testified appellant asked him to come back in his bedroom while there were other boys in the house and appellant performed oral sex on M. H. As all this evidence would have been admissible at the trial of each charge to prove motive, intent or plan, it was not an abuse of the trial judge's discretion to deny severance.

## IV. SURPRISE

Appellant claims he was unfairly surprised when the state asked the trial judge to charge the jury with two (2) counts of rape as to one of the victims, D. W. The information charged appellant with four (4) counts of rape by engaging in deviate sexual activity with other persons who were less than fourteen (14) years of age. It did not specify the names of the individuals or any other details upon which the charges were based. The state apparently revealed the names of four boys to appellant and gave appellant the transcripts of their police interviews. One of the boys did not show up for the trial for reasons which are not known. Appellant claimed surprise when the state asked to charge the jury with two counts of rape as to D. W. Appellant claims he was told in a letter he received from the state that there would be one charge of rape for each child. The prosecutor told the judge that he had disclosed four victims and their statements but that he never indicated it was one charge per victim. Appellant has not provided us with the letter from the prosecutor, so we are unable to determine whether appellant was led to believe the state intended to prove one charge of rape for each victim disclosed. In any event, since we have reversed and remanded the rape charges for a new trial, appellant has not shown any prejudice since he is now aware that the state intends to prove two counts of rape as to D. W.

## V. SENTENCING

Appellant argues the trial judge abused his discretion by taking into consideration the possibility that there were

more victims than those that testified at the trial and that appellant had been convicted of similar crimes in Louisiana for which he was subsequently pardoned in deciding to sentence appellant to consecutive terms of imprisonment. As appellant did not object to his terms of imprisonment being imposed consecutively, we will not address this argument on appeal. *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990). However, we note that we have held it is impermissible to use pardoned offenses in determining punishment. *Duncan* v. *State*, 254 Ark. 449, 494 S.W.2d 127 (1973). Likewise, consideration of uncharged offenses is also impermissible.

## CONCLUSION

Since the remaining issues are unlikely to arise on remand, we do not address them.

Reversed and remanded in part; reversed and dismissed in part.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I concur with that portion of the majority opinion dealing with pecuniary profit but I cannot agree with that portion dealing with the search warrant.

Arkansas R. Crim. P. 16.2 provides that a motion to suppress "shall be granted *only* if the court finds that the violation upon which it is based was *substantial*. . . ." (My emphasis). Among the several factors to be considered in making that determination is the extent of invasion of the defendant's privacy. Here, in contrast to the facts in *Garner* v. *State*, 307 Ark. 353, 820 S.W.2d 446 (1991), where the search began at 2:30 a.m., the search began at 8:45 in the evening, when, according to the undisputed testimony, it was still twilight. There was no evidence that the appellant had retired for the evening, in fact, the appellant offered no proof whatever at the suppression hearing. Thus, the search in this case began well before bedtime for the vast majority of people.

In the absence of any showing that his right of privacy was materially disturbed, in my estimation the appellant has failed to meet the requirement of Rule 16.2. *See James* v. *State*, 280 Ark. 359, 658 S.W. 2d 382 (1983); *Brothers* v. *State*, 261 Ark. 64, 546

S.W.2d 715 (1977), and *United States* v. *Koller*, 559 F.Supp. 539 (E.D. 1983).