Larry Joe STIVERS *v.* STATE of Arkansas

CA CR 00-947 61 S.W.3d 204

Court of Appeals of Arkansas
Division II
Opinion delivered December 5, 2001

*Montgomery, Adams & Wyatt, PLC,* by: *James W. Wyatt,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Valerie L. Kelly,* Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Larry Stivers was found guilty of possession of marijuana, possession of methamphetamine, and the simultaneous possession of drugs and firearms, and was sentenced to ten years' imprisonment. He argues on appeal that the evidence was insufficient to convict him on the charge of simultaneous possession and that the trial court erred in denying his motion to suppress evidence. We reverse on appellant's second point because we hold that the affidavit for the search warrant was insufficient to justify a nighttime search.

In the summer of 1999, police officers obtained a search warrant to search Stivers's home in Carlisle, Arkansas. The warrant was served at 1:18 a.m., and the officers found methamphetamine, marijuana, a .22 caliber rifle, and a 12-gauge shotgun.

Appellant's first argument, that the evidence was insufficient to support his conviction on the charge of simultaneous possession of drugs and firearms, can be easily disposed of. Stivers concedes that he did not move for a directed verdict on this count. He may not now raise an argument he did not make to the trial court. *Love v. State,* 324 Ark. 526, 922 S.W.2d 701 (1996).

Stivers's second point on appeal is that the trial court erred in concluding that the affidavit for search warrant was sufficient to authorize a nighttime search.[1] We agree.

The warrant, issued by the Carlisle Municipal Court judge, stated that "because the items to be seized are in imminent danger of destruction or removal, a nighttime search is authorized."

---

[1] Although the State argues that the trial court did not reach the merits of appellant's argument, we conclude that it clearly did.

The affidavit of Carlisle Police Officer Eric Franks recited that: (1) a part-time patrolman told him that his wife had become ill due to a strong chemical odor coming from their neighbor's house; (2) Franks went to the patrolman's house and also smelled the chemical odor coming from appellant's house; and another officer confirmed that he also smelled a chemical odor; (3) Franks was told that a reliable informant, whose information had resulted in convictions for narcotics violations on four separate occasions, told police that appellant was "cooking" methamphetamine; and (4) an officer told Franks that appellant had been present at a residence where police had seized a clandestine methamphetamine lab.

The last paragraph of the affidavit states:

> WHEREFORE, Affiant requests that a search and seizure warrant be issued, allowing a nighttime search, because there is an open drape on the front window of the residence allowing an unobstructed view of N. Williams Ave. The affiant believes that Stivers is aware of the increased law enforcement presence and interest in the area of his residence, and fears that Stivers will respond by attempting to remove or destroy any evidence of illegal activity.

Clearly the affidavit established an adequate basis for the issuance of a warrant. The question is whether it established a sufficient basis for a nighttime search.

Rule 13.2(c) of the Arkansas Rules of Criminal Procedure provides:

> Except as hereafter provided, the search warrant shall provide that it be executed between the hours of six a.m. and eight p.m., and within a reasonable time, not to exceed sixty (60) days. Upon a finding by the issuing judicial officer of reasonable cause to believe that:
>
> (i) the place to be searched is difficult of speedy access; or
>
> (ii) the objects to be seized are in danger of imminent removal; or
>
> (iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;
>
> the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, and

within a reasonable time not to exceed sixty (60) days from the date of issuance.

 A factual basis for a nighttime search is required. *Richardson v. State*, 314 Ark. 512, 863 S.W.2d 572 (1993). The affiant's statement that he "believes that Stivers is aware of the increased law enforcement presence" is conclusory. So is the affiant's statement that he "fears Stivers will respond by attempting to remove or destroy any evidence of illegal activity." Conclusory statements in the affidavit are not adequate to support a nighttime search warrant. *Garner v. State*, 307 Ark. 353, 820 S.W.2d 446 (1991).

In *Fouse v. State*, 337 Ark. 13, 989 S.W.2d 146 (1999), the officer's affidavit stated:

> It has been my experience and I know that the process of manufacturing methamphetamine takes approximately four hours and that the chemicals used to manufacture methamphetamine are volatile and subject to explode or at the least cause a fire and can be a danger to surrounding houses in a residential setting such as this. There is also an imminent danger that the items and hardware used to manufacture methamphetamine may be moved or destroyed and the methamphetamine produced may be transported and/or sold.

The supreme court held that these words were conclusory. The court also said:

> Nor can we agree with the trial court that a strong odor of ether detected at the Fouse residence at 9:00 p.m. on December 22, 1997, was a reasonable basis for concluding that methamphetamine was to be removed or sold or both within the next four hours and that a nighttime search was justified.

 The affidavit in the case at bar also recited that the Stivers home had an "open drape." While this is a statement of fact and not a conclusion, this fact alone is not enough to support the magistrate's determination that the evidence to be seized was in danger of imminent destruction or removal.

Reversed and remanded.

CRABTREE and BAKER, JJ., agree.