James CARPENTER *v.* STATE of Arkansas

CA CR 90-300                                         821 S.W.2d 51

Court of Appeals of Arkansas
Division II
Opinion delivered December 26, 1991

*William E. Johnson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. James Carpenter was charged with possession of a controlled substance with intent to deliver. Prior to trial, his motion to suppress evidence obtained as the result of a search of his home was denied. He then entered a conditional plea of guilty, reserving the right to appeal from that judgment as provided in Ark. R. Crim. P. 24.3(b). On appeal,

appellant advances four points for reversal. We find sufficient merit in one of them to warrant reversal and, therefore, do not address the others.

The record discloses that a police officer met with a municipal judge on the evening of October 25, 1989, and obtained a warrant to search appellant's premises for contraband. The warrant was executed at 2:30 a.m. on October 26, 1989. As a result of the search, a quantity of contraband was discovered and seized from appellant's premises.

Rule 13.2(b) of the Arkansas Rules of Criminal Procedure provides that a search warrant shall state or describe with particularity the identity of the judicial officer, and the date and place where the application was made; the judicial officer's finding of reasonable cause for issuance of the warrant; the identity of the persons to be searched and the location and designation of the places to be searched; the persons and things constituting the objects of the search and authorized to be seized; and the period of time within which the warrant must be returned to the issuing judicial officer.

The right to be safe and secure against searches and seizures during the nighttime has been even more carefully safeguarded throughout history. For this reason, the following additional provisions governing warrants for nighttime searches are contained in Rule 13.2(c):

> (c) Except as hereafter provided, the search warrant shall provide that it be executed between the hours of six a.m. and eight p.m., and within a reasonable time, not to exceed sixty (60) days. Upon a finding by the issuing judicial officer of reasonable cause to believe that:
>
> (i) the place to be searched is difficult of speedy access; or
>
> (ii) the objects to be seized are in danger of imminent removal; or
>
> (iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;
>
> the issuing officer *may, by appropriate provision in the*

*warrant*, authorize its execution at anytime, day or night, and within a reasonable time not to exceed sixty days from the date of issuance.

[Emphasis added.]

The search warrant issued in this case was on a printed form in which the judge inserted the specific language required by Ark. R. Crim. P. 13.2(b). It also contained the following:

(Choose One)

(  )  This warrant shall be executed between the hours of 6 a.m. and 8 p.m.,

OR

(*x*)  I find reasonable cause to believe that:

(  )  the place to be searched is difficult of speedy access.

(*x*)  the objects to be seized are in danger of imminent removal.

(  )  the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy and authorized [sic] the execution of this warrant at any time, day or night, within 60 days from the date of issuance, or less if indicated above.

The box next to the third possible finding, which on this form was the only one that included an authorization to make a nighttime search, was not checked but was left blank.

Appellant contends that the warrant did not authorize a nighttime search, that the search was therefore illegal, and that all evidence seized as a result of it should have been suppressed. He argues that a search must be restricted to the hours between 6:00 a.m. and 8:00 p.m. unless the issuing judicial officer finds reasonable cause to believe that one of the three situations mentioned in Rule 13.2(c) exist, in which event he *may* authorize a nighttime search by appropriate provision in the warrant. Appellant argues that, even if the municipal judge in this case did

find that one of those situations existed and therefore could have authorized a nighttime search under this rule, he did not authorize it by "appropriate provision in the warrant."

The State argues that the rule does not require that a nighttime search be expressly authorized in the warrant. It argues that the rule authorizes a search on a finding of one of the three grounds for such searches and that the words "appropriate provision in the warrant" make reference to those three situations rather than to a specific authorization for a nighttime search.

We cannot agree with the State's position. The wording of Rule 13.2(c) is clear and need only be applied as written, *i.e.*, the warrant must contain not only a finding of justification for a nighttime search, but also an appropriate order authorizing the same. Therefore, we conclude that this warrant was facially deficient and the nighttime search defective.

In light of our conclusion that the warrant was facially deficient in terms of authorizing a nighttime search, we also cannot agree with the State's argument that, in any event, the good faith of the police officer served to make suppression inappropriate under *Leon* v. *State*, 468 U.S. 897 (1984). The objective standard used to determine good faith requires officers to have a reasonable knowledge of what our rules prohibit. *Hall* v. *State*, 302 Ark. 341, 789 S.W.2d 456 (1990). Any officer with reasonable knowledge of our rules of criminal procedure should know what those rules require with regard to search warrants to be executed at night. *See id.*; *Garner* v. *State*, 307 Ark. 353, 820 S.W.2d 446 (1991). Furthermore, we note that the officer who executed this warrant testified that he was familiar with our rules and was aware that there was no express provision for a nighttime search in the warrant issued to him. He was asked why, notwithstanding that knowledge, he served it at night. He answered, "I was scared that the material would be removed."

The privacy of citizens in their homes, secure from nighttime intrusions, is a right of vast importance which is attested not only by rules but by our state and federal constitutions. *Garner* v. *State, supra*. We must conclude that the violation of our rules of criminal procedure was so substantial that we cannot apply the good-faith exception to the facts of this case.

Reversed and remanded.

JENNINGS and ROGERS, JJ., agree.