Jack Piel HOLMES *v.* STATE of Arkansas

CA CR 91-275                                    839 S.W.2d 226

Court of Appeals of Arkansas
Division II
Opinion delivered October 14, 1992

*Daniel D. Becker* and *Terri Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. Appellant entered a contingent plea of guilty to manufacturing a controlled substance, methamphetamine, with intent to deliver, reserving the right to appeal the trial court's denial of his motion to suppress. He was sentenced to six years in the Arkansas Department of Correction and fined $100. We affirm.

Since sufficiency of the evidence is not argued, we will give a summation of the facts. An investigator working for the 18th Judicial District East Drug Task Force had a confidential informant purchase cocaine from appellant during the third week of February 1991. The informant was provided with recorded currency and was under the visual surveillance of the investigator when he entered and exited appellant's residence. The substance purchased from appellant was immediately relinquished to the investigator and was identified as cocaine. The informant observed additional quantities of the substance inside appellant's residence which were represented to be cocaine. This information along with the belief that appellant was involved in heavy trafficking of controlled substances prompted the investigator to file an affidavit for a warrant to search appellant's home. The affidavit requested permission to execute the warrant at any time day or night so as to prevent the further loss of evidence. The

judicial officer issuing the warrant found there was probable cause to search appellant's home for the reasons set forth in the affidavit. The search of appellant's home was executed at 9:40 p.m., at which time drugs and drug paraphernalia were seized.

■ Appellant contends that it was error for the trial court to deny his motion to suppress the evidence obtained from his home. Specifically, appellant argues that it was unnecessary to execute the search at nighttime. Arkansas Rules of Criminal Procedure 13.2(c) provides that:

> Except as hereafter provided, the search warrant shall provide that it be executed between the hours of six a.m. and eight p.m., and within a reasonable time, not to exceed sixty (60) days. Upon a finding by the issuing judicial officer of reasonable cause to believe that:
>
> (i) the place to be searched is difficult of speedy access; or
>
> (ii) the objects to be seized are in danger of imminent removal; or
>
> (iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;
>
> the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, and within a reasonable time not to exceed sixty (60) days from the date of issuance.

Our cases have consistently held that a factual basis must be stated in the affidavit, or in sworn testimony, before a nighttime search warrant may be validly issued. *Coleman v. State,* 308 Ark. 631, 826 S.W.2d 273 (1992). In *Coleman,* the supreme court upheld the trial court's finding that a nighttime search warrant had been validly issued. The appellant in *Coleman* argued, as does the appellant in this case, that the affidavit contained only conclusory, not factual, statements. There the affiant specified that after dark on that night an informant had purchased cocaine from appellant, that the purchase was made inside appellant's residence, that the cocaine purchased was packaged in a clear plastic bag, that cocaine was being concealed at the residence, that appellant was in possession of and distributing cocaine from

the residence, and that drugs located there were packaged and maintained in a manner that their destruction or removal could be easily accomplished. The court found that even though the last phrase was a computer generated phrase and there were several additional facts the affiant could have specified but did not, he did set out a number of pertinent facts from which the issuing judge could reasonably believe at that time there were drugs inside appellant's residence that could easily be removed or destroyed.

The affidavit in this case sets forth information as to the presence of cocaine and drug paraphernalia, such as scales, pipes, baggies, and cutting agents, in appellant's home; the presence of records, documents, and U.S. currency believed to be associated with the distribution of controlled substances; that appellant had sold cocaine in his home to a reliable confidential informant; that the confidential informant had observed additional quantities of cocaine in addition to that purchased by the informant; that appellant was believed to be involved in heavy trafficking of the controlled substance; and that permission to execute a search of appellant's home at any time of the day or night was requested to prevent the further loss of evidence. The issuing judge stated in the search warrant that he was satisfied that, based on all the information in the affidavit, there was probable cause to issue a search warrant that could be executed at any time, day or night.

In reviewing a trial court's ruling on a motion to suppress because of an alleged insufficiency of the affidavit, we make an independent determination based upon the totality of the circumstances and reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *State* v. *Blevins*, 304 Ark. 388, 802 S.W.2d 465 (1991). Here, as in *Coleman*, the affiant set out a number of pertinent facts regarding the presence of drugs and the possibility of their removal or destruction. The issuing judge clearly stated that he relied on this information in deciding the warrant could be executed at any-time. We cannot say the trial court erred in its denial of appellant's motion to suppress.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.