Beatrice HOUSTON *v.* STATE of Arkansas

CA CR 92-653                     848 S.W.2d 430

Court of Appeals of Arkansas
Division I
Opinion delivered February 24, 1993

68

*Cuffman & Phillips*, by: *James H. Phillips*; and *John Wesley Hall, P.A.*, by: *Craig Lambert*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Beatrice Houston was convicted of delivery of a controlled substance. She was sentenced to fifteen years in the Arkansas Department of Correction, fined $5,000, and recommended for drug rehabilitation while incarcerated. Appellant contends on appeal that the trial court erred in denying her motion to suppress evidence from the nighttime search, in denying her motion for mistrial due to an ex parte communication, and in permitting a State's witness to testify about prior criminal acts. We affirm.

Since sufficiency of the evidence is not argued, we will give only a summation of the facts. At 4:15 p.m. on March 5, 1991,

Detective Lane of the Pulaski County Sheriff's Department fitted informant Pettit with a body microphone and provided $60.00 to make a drug purchase from appellant. Informant was observed entering appellant's residence, where she gave appellant the $60.00 for one Dilaudid pill. Informant inquired about obtaining more Dilaudid, and appellant replied that she would have more later. The detective used this information to file his affidavit for a warrant along with the fact there was only one entrance to the apartment building; that appellant sells primarily in the late hours; that appellant was very secretive about where the drugs were kept; and that the informant had dealt with appellant on previous occasions. The affidavit stated that the request for a nighttime search was due to a need for safety, speedy access, and to prevent any objects from being removed before entry. The judicial officer issuing the warrant found there was probable cause to search appellant's home for the reasons set forth in the detective's affidavit. The search of appellant's home was executed at 10:45 p.m. on the same day as the informant's purchase, at which time the $60.00 from the earlier purchase was seized from appellant's purse.

Appellant first contends that it was error for the trial court to deny her motion to suppress the evidence obtained from her home. Specifically, appellant argues that it was unnecessary to execute the search at nighttime. Arkansas Rules of Criminal Procedure 13.2(c) provides that:

> Except as hereafter provided, the search warrant shall provide that it be executed between the hours of six a.m. and eight p.m., and within a reasonable time, not to exceed sixty (60) days. Upon a finding by the issuing judicial officer of reasonable cause to believe that:
>
> (i) the place to be searched is difficult of speedy access; or
>
> (ii) the objects to be seized are in danger of imminent removal; or
>
> (iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;
>
> the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or

night, and within a reasonable time not to exceed sixty (60) days from the date of issuance.

In reviewing a trial court's decision to deny an appellant's motion to suppress evidence, the appellate court makes an independent determination based on the totality of the circumstances and reverses the decision only if it is clearly against the preponderance of the evidence. *State* v. *Martinez*, 306 Ark. 353, 811 S.W.2d 319 (1991). Even if the issuance of the search warrant was in violation of Ark. R. Crim. P. 13.2(c), a motion to suppress will not be granted unless the violation is substantial. *Martinez, id.* Our cases have consistently held that a factual basis must be stated in the affidavit before a nighttime search warrant may be validly issued. *Coleman* v. *State*, 308 Ark. 631, 826 S.W.2d 273 (1992). The affidavit here clearly showed drugs had been purchased at appellant's residence that day; there was a danger and difficulty because of the one-door entrance; the drugs were in danger of removal or disposal due to the small size of the pills; and the appellant primarily sells late at night. The issuing judge stated in the search warrant that he was satisfied that, based on all the information in the affidavit, there was probable cause to issue a search warrant that could be executed at any time, day or night. We cannot say the trial judge erred in its denial of appellant's motion to suppress.

Appellant next contends the trial court erred in denying appellant's motion for a mistrial based on an ex parte communication between the trial judge and the jury that occurred during jury deliberations. Ark. Code Ann. § 16-89-125(e) (1987) provides:

> After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence, or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties.

This section of the statute, requiring the judge to call the jury into open court to answer any question the jury may have, is mandatory. *Rhodes* v. *State*, 290 Ark. 60, 716 S.W.2d 758 (1986). Noncompliance with the statute gives rise to a presump-

tion of prejudice, and the State has the burden of overcoming the presumption. *Huckabee* v. *State*, 30 Ark. App. 82, 785 S.W.2d 223 (1990).

In the case of *Tarry* v. *State*, 289 Ark. 193, 710 S.W.2d 202 (1986), the State failed to meet its burden of proving that the defendant was not prejudiced because the record was insufficient to show what occurred when the judge entered the jury room to answer the jury's questions. Here, the record clearly reflects what occurred when the jury sent the note to the judge and the judge's response. The note said: "Are we allowed to require drug rehabilitation as part of the sentence?" The court answered, "You may make any recommendations you wish. Please keep this note. Jack Lessenberry." It was obvious the jury had finished deliberations on guilt by that point and simply wanted to add this condition to appellant's sentence. The record also shows that the court gave notice of the jury's note to defense counsel before the jury returned. Counsel made no motions or objections to the court's response at that time. "A mistrial is an extreme remedy to be resorted to only when the trial court makes the discretionary determination that there has been an error so prejudicial that justice cannot be served by continuing the trial." *Walker* v. *State*, 303 Ark. 401, 404, 797 S.W.2d 447, 448 (1990). We find that the court's communication with the jury was not prejudicial to defendant and a mistrial was not required.

Appellant's final contention is that the trial court erred in permitting a State's witness to testify to past drug purchases at the apartments where appellant lived. Appellant moved for a mistrial on grounds that this was testimony of prior, uncharged conduct. The State asserted that the testimony was admissible under Ark. R. Evid. 404(b). Appellant's argument is misleading on this point. The statement made by the informant was: "They took me out to Pine Garden Apartments where I had bought drugs in the past." Appellant incorrectly argues that the statement was: "[T]hat she had purchased drugs in the past from Houston's residence." The record is clear that the informant never testified to prior uncharged conduct. However, to address the argument, we note that evidence of other crimes will be admitted under Rule 404(b) if (1) it has independent relevance, and (2) its relevance is not substantially outweighed by the danger of unfair prejudice. *Price* v. *State*, 268 Ark. 535, 597

S.W.2d 598 (1980). This information was relevant to explain the relation between the informant, detective, and the operation at hand, as well as why they were in this particular area to make a purchase at that time. As the State points out, this was evidence of an ongoing drug operation and is independently relevant. Whether the probative value outweighs the prejudice is a matter left to the sound discretion of the trial judge. *Beebe* v. *State*, 301 Ark. 430, 784 S.W.2d 765 (1990). The prejudice, if any, was not of the sort which would require a mistrial. We cannot say the ruling of the trial court was clearly erroneous.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.