Byron FOSTER *v.* STATE of Arkansas

CA CR 93-785                                    876 S.W. 2d 594

Court of Appeals of Arkansas
Division II
Opinion delivered May 25, 1994

*Garry J. Corrothers*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Byron Foster was found guilty of possessing cocaine with intent to deliver and possessing drug paraphernalia, and was sentenced to twenty-five years in the Arkansas Department of Correction. He argues on appeal that the trial court erred in denying his motion to suppress evidence seized in a nighttime search of his residence, because the search warrant was based on an affidavit that contained an insufficient factual basis to justify a nighttime search. We disagree and affirm.

In reviewing a trial court's ruling on a motion to suppress because of insufficiency of the affidavit, we make an independent determination based upon a totality of the circumstances and reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *Thompson* v. *State*, 42 Ark. App. 254, 856 S.W.2d 319 (1993).

An affidavit must set out facts showing reasonable cause to believe that circumstances exist which justify a nighttime search. *See State* v. *Broadway*, 269 Ark. 215, 599 S.W.2d 721 (1980). The issuing judicial officer must have reasonable cause to believe that (i) the place to be searched is difficult of speedy access; or (ii) the objects to be seized are in danger of imminent removal; or (iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy. Ark. R. Crim. P. 13.2(c); *State* v. *Martinez*, 306 Ark. 353, 811 S.W.2d 319 (1991). The affidavit should speak in factual and not mere conclusory language. *State* v. *Broadway*, 269 Ark. 215, 599 S.W.2d 721 (1980).

The affidavit in the case at bar described the purchase of a controlled substance by a confidential informant at

appellant's residence, "3524 Asher." That purchase was made on December 2, 1991; the warrant was executed that night at 10:30 p.m. The affidavit contained the following pertinent language:

> Affiant states that the residence is so situated that the approach of the serving officers will be readily apparent to persons at the residence due to the residence being situated on the corner of Asher Avenue and Valentine Streets offering no immediate cover and/or concealment for the approaching officers to the residence and the use of darkness, as concealment, in the approach of the residence would better protect the evidence sought as well as the approaching officers because the evidence sought is concealed and packaged in such a manner that its destruction or removal will be likely prior to the officers arrival. Affiant states that because Byron Foster frequently removes cocaine from his residence and transports it to other locations and because cocaine is being distributed from the residence at all times of the day or night, the Affiant prays that a warrant be issued for a search of the residence, curtilage, and person of Byron Foster, and that said warrant be issued for a search of the residence any time of the day or night.

Appellant argues that these statements are conclusory rather than factual, and cites *Coleman* v. *State*, 308 Ark. 631, 826 S.W.2d 273 (1992), in support. As in *Coleman*, this affidavit does contain some general conclusory language. However, this language read in conjunction with additional factual information in the affidavit, such as the residence's location on a corner lot and the lack of immediate cover for the approaching officers, can support a finding of reasonable cause of a nighttime search. *See, e.g., Houston* v. *State*, 41 Ark. App. 67, 848 S.W.2d 430 (1993). While the factual information in this affidavit is not extensive, this is not a situation where we can characterize the statements as wholly conclusory or as having no factual basis. *See e.g., Thompson* v. *State*, 42 Ark. App. 254, 856 S.W.2d 319 (1993).

Having reviewed the totality of the circumstances, we cannot say that the trial court's ruling is clearly against a preponderance of the evidence.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.