Jimmy MYERS, Cathy Owen & Kenneth Owen *v.*
STATE of Arkansas

CA CR 93-1035 878 S.W.2d 424

Court of Appeals of Arkansas
Division II
Opinion delivered June 29, 1994

*John W. Settle Law Firm*, by: *John W. Settle*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellants Jimmy Myers, Cathy Owen, and Kenneth Owen were charged with possession of methamphetamine and marijuana with intent to deliver, and possession of drug paraphernalia. Motions to suppress were filed in which appellants asserted that all items seized should be suppressed because there was no valid basis for the issuance of a warrant which authorized a nighttime search. Following a hearing, the motions to suppress were denied. Thereafter, all three appellants entered a guilty plea pursuant to Rule 24.3(b) of the Arkansas Rules of Criminal Procedure, which provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendre [contendere], reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

The appellants now appeal, arguing that the trial court erred in overruling their motions to suppress because the nighttime search was not justified by the affidavit for the warrant and was in violation of the Fourth and Fourteenth Amendments to the United States Constitution, article 2, section 15 of the Arkansas Constitution, and Rule 13.2 of the Arkansas Rules of Criminal Procedure. In addition, appellants Cathy Owen and Kenneth Owen contend that the court erred in allowing testimony of a police

officer at the motion hearing because it was outside the scope of the affidavit. We find no error and affirm.

The evidence shows that, at about 8 p.m. on the evening of December 31, 1992, a confidential informant entered Mr. Myers' residence for the purpose of purchasing controlled substances. The informant purchased a substance represented to be methamphetamine and, while making the purchase, he observed an additional quantity of methamphetamine, as well as marijuana and drug paraphernalia.

Based on the information provided by the informant, Officer Dennis Alexander of the Fort Smith Police Department prepared an affidavit with the assistance of a Deputy Prosecutor and proceeded to the home of Circuit Judge John Holland. In reliance on the affidavit, Judge Holland signed a warrant for the search of Mr. Myers' residence. The warrant was executed at 4:00 a.m. on January 1, 1993, during which methamphetamine, marijuana, currency and drug paraphernalia were seized.

The affidavit signed by Officer Alexander stated that an informant purchased illegal drugs from Mr. Myers during the nighttime hours, that the informant saw additional methamphetamine, marijuana and drug paraphernalia in Myers' house, and that "since sales are being made in the nighttime hours it is respectfully requested that a nighttime search be authorized." The warrant signed by Judge Holland authorized a nighttime search. He represented in the warrant that he was satisfied that reasonable cause existed to believe that "the objects to be seized are in danger of imminent removal" and that "the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy."

■■ We need not address the merits of the arguments presented by appellants Mr. Owen and Ms. Owen because neither has standing to challenge the search of Mr. Myers' residence. The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights have been violated by the challenged search or seizure. *State* v. *Hamzy*, 288 Ark. 561, 709 S.W.2d 397 (1986). A person's Fourth Amendment rights are not violated by the introduction of damaging evidence

secured in the search of a third person's premises or property. *Fernandez* v. *State*, 303 Ark. 230, 795 S.W.2d 52 (1990). In *Parette* v. *State*, 301 Ark. 607, 786 S.W.2d 817 (1990), the Arkansas Supreme Court held that an individual had no standing to contest a warrantless search and seizure because there was no showing that the person owned or leased the searched premises or maintained any control over the premises. Mr. Owen and Ms. Owen failed to make any showing that either of them had any right of control over Mr. Myers' home. Because their arguments amount to an attack on the nighttime search and no control or legitimate expectation of privacy was established, we affirm the convictions of Mr. Owen and Ms. Owen.

 We next address the merits of the argument presented by Mr. Myers. Arkansas Rule of Criminal Procedure 13.2(c) addresses a person's right against an unreasonable nighttime search and provides:

> (c) Except as hereafter provided, the search warrant shall provide that it be executed between the hours of six a.m. and eight p.m. and within a reasonable time, not to exceed sixty (60) days. Upon a finding by the issuing judicial officer of reasonable cause to believe that:

> (i) the place to be searched is difficult of speedy access; or

> (ii) the objects to be seized are in danger of imminent removal; or

> (iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;

> the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, and within a reasonable time not to exceed sixty (60) days from the date of issuance.

An affidavit for a search warrant must set forth facts establishing reasonable cause to believe that circumstances exist which justify a nighttime search. *Ramey* v. *State*, 42 Ark. App. 242, 857 S.W.2d 828 (1993). Conclusory statements do not provide the requisite factual basis to establish reasonable cause. *Garner* v.

*State*, 307 Ark. 353, 820 S.W.2d 446 (1991). In reviewing a trial court's decision to deny an appellant's motion to suppress evidence, this court makes an independent determination based on the totality of the circumstances and reverses the decision only if it is clearly against the preponderance of the evidence. *Houston* v. *State*, 41 Ark. App. 67, 848 S.W.2d 430 (1993).

After a careful review of the affidavit presented in this case, we find that the trial judge's decision to deny the motion to suppress evidence seized in the nighttime search was not clearly against the preponderance of the evidence. The instant case presents a fact pattern similar to that of *Holmes* v. *State*, 39 Ark. App. 94, 839 S.W.2d 226 (1992), a case in which we upheld the trial court's finding that a nighttime search warrant had been validly issued. In *Holmes*, as in the case at bar, the affidavit set forth information that the residence in question contained illegal drugs and paraphernalia in addition to that purchased by a reliable informant; that the informant had purchased drugs with recorded currency; and that appellant was believed to be active in the sale of illegal drugs. Furthermore, the informant in this case, operating under police surveillance, purchased methamphetamine on the same night that the search was executed. Based on the facts set out in the affidavit, the issuing judge was satisfied that there was reasonable cause to believe that the contraband and recorded currency at issue were in danger of imminent removal and authorized a nighttime search. Based on the precedent of *Holmes*, we cannot say the trial court erred in its denial of Mr. Myers' motion to suppress. *See also Coleman* v. *State*, 308 Ark. 631, 826 S.W.2d 273 (1992).

This case is distinguishable from *Zeiler* v. *State*, 46 Ark. 182, 878 S.W.2d 417 (1994), a case in which we held an affidavit to be insufficient to justify a nighttime search. In that case, the affidavit did not indicate whether the informant who purchased marijuana observed more marijuana or other controlled substances at the appellant's residence, nor did it indicate whether any drug paraphernalia was present at the appellant's home. In addition, the affidavit gave no indication that any other drug activity was occurring on the premises. By contrast, the affidavit in the instant case provided information regarding additional drugs and paraphernalia at appellant's home along with a statement, based on the informant's knowledge, that Mr. Myers was active in drug

dealing. These additional factors supply the reasonable cause to justify the trial judge's refusal to suppress the fruits of the night-time search.

Affirmed.

PITTMAN and MAYFIELD, JJ., agree.