Sherry Marie HALE and Kevin Wayne Hale *v.* STATE of Arkansas

CA CR 97-191, 192                    968 S.W.2d 627

Court of Appeals of Arkansas
Division II
Opinion delivered March 18, 1998

*John Wesley Hall, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. On March 27, 1996, at approximately 1:30 a.m., police officers executed a search warrant at the residence of appellants, Kevin and Sherry Hale. As a result of items seized from their home, appellants were charged with possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and misdemeanor possession of marijuana. Prior to trial, appellants sought to suppress the evidence obtained during the search. After a hearing, the trial court denied their motion. Appellants then entered conditional guilty pleas to the possession of methamphetamine charges, and each was sentenced to forty-two months in the Department of Correction.

On appeal, they argue that it was error to deny their motion to suppress because (1) the facts contained in the affidavit in support of the search warrant did not justify the authorization of a nighttime search, and (2) the officers' failure to knock and announce their presence before entering was unreasonable. We disagree, and therefore affirm.

In reviewing a trial court's ruling on a motion to suppress, this court makes an independent determination based upon the totality of the circumstances and will reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *Thompson v. State*, 42 Ark. App. 254, 856 S.W.2d 319 (1993).

## I. The Nighttime Search

Appellants first argue that the affidavit submitted by Officer Roger Ahlf of the Arkansas State Police did not contain sufficient facts to justify a nighttime search. Officer Ahlf submitted the four-page affidavit to Municipal Judge Leroy Froman at approximately 12:30 a.m. on March 27, 1996. In requesting the warrant, Ahlf alleged that a controlled drug purchase had taken place earlier that night using marked bills, and that there was a possibility that evidence would be destroyed unless officers were allowed to conduct the search at night and without having to knock and announce their presence before entering the home. Judge Froman authorized the execution of the warrant at any time day or night.

Rule 13.2 of the Arkansas Rules of Criminal Procedure sets out three bases for the issuance of a nighttime search warrant. The rule states:

> (c)   Except as hereafter provided, the search warrant shall provide that it be executed between the hours of six a.m. and eight p.m., and within a reasonable time, not to exceed sixty (60) days. Upon a finding by the issuing judicial officer of reasonable cause to believe that:
>
> (i)   the place to be searched is difficult of easy access; or
>
> (ii)   the objects to be seized are in danger of imminent removal; or
>
> (iii)   the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;
>
> the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, and

within a reasonable time not to exceed sixty (60) days from the date of issuance.

██ It has consistently been held that the affidavit in support of a search warrant must set out facts showing reasonable cause to believe that circumstances exist which justify a nighttime search. *Hall v. State,* 302 Ark. 341, 789 S.W.2d 456 (1990). Appellants assert that there were insufficient facts contained in the affidavit to allow the issuing judge to form reasonable cause to believe that evidence might be destroyed.

Officer Ahlf's affidavit contained the following relevant facts in support of a nighttime search: that during the nighttime hours of March 26, a confidential informant had purchased methamphetamine from appellants using marked bills; that the informant had seen quantities of contraband and paraphernalia in the bathroom; that the purchase had taken place in the bathroom; that several other purchases by other confidential informants had taken place in the bathroom at night; and that an informant stated that appellants normally stayed awake at night and slept during the day.

██ At the hearing on the motion to suppress, the trial judge ruled that a nighttime search was justified based on the need to retrieve the marked bills used by the confidential informant in the transaction of March 26th. Our supreme court has held that this is a valid justification for allowing a nighttime search. In *Neal v. State,* 320 Ark. 489, 898 S.W.2d 440 (1995), the court stated:

> The affidavit of Lt. Hyatt revealed his chief reason for requesting a nighttime search warrant was his concern that the marked money used by the confidential informants to purchase marijuana from Mr. Neal would be removed from Mr. Neal's home. He stated that the informants said there were others present who indicated they were going to purchase marijuana. Judge Coxsey could easily have concluded that in the course of doing business the marked money might have been dispatched from Mr. Neal's home. We hold the nighttime search was justified on the ground that it was necessary to conduct the search as quickly as possible after the purchase the confidential informants reported they had made from Mr. Neal.

320 Ark. at 494-95, 898 S.W.2d at 444.

■ The totality of the circumstances militates against suppression of the evidence. In considering appellants' motions below, the trial court ruled that the marked money in and of itself justified the immediate entry to seize the evidence, and we cannot say that this finding was clearly against the preponderance of the evidence. *Thompson, supra.* Further, the fact that buys took place in the appellants' bathroom would justify a nighttime search in order to prevent the possible destruction of evidence. There was no error in allowing a nighttime search in accordance with Rule 13.2.

■ ■ Appellants also argue that there was a problem with the warrant itself. They properly cite *Carpenter v. State*, 36 Ark. App. 211, 821 S.W.2d 51 (1991), for the proposition that "the warrant must contain not only a finding of justification for a nighttime search, but also an appropriate order authorizing the same." Appellants assert that the warrant simply stated that a nighttime search was required, and that such language was not sufficient. However, *Carpenter* dealt with a nighttime search warrant that was completed by "checking off" boxes on a standard printed form. In this case, the warrant clearly contained an appropriate order for a nighttime search.

## II.    Knock-and-Announce

■ The Fourth Amendment incorporates the common-law requirement that police officers must knock and announce their identity before entering a dwelling. *Wilson v. Arkansas*, 514 U.S. 927 (1995). However, the "flexible rule of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests." *Richards v. Wisconsin*, 117 S.Ct. 1416, 1418 (1997) (citing *Wilson, supra*). In order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous, futile, or that it would inhibit the investigation of the crime by, for example, allowing the destruction of evidence. *Id.* at 1421.

■ It is the duty of a court confronted with the question to determine whether the facts and circumstances of a particular entry justified dispensing with the knock-and-announce requirement. *Id.* We will not reverse that finding unless it is clearly against the preponderance of the evidence. *Thompson, supra.* In the present case, the trial court found that the no-knock entry was appropriate in light of the officers' reasonable suspicion that evidence might be destroyed. Appellants argue that the entry was unreasonable.

■ We cannot say that the trial court's ruling on the motion to suppress was clearly against the preponderance of the evidence. Officer Ahlf stated in both his affidavit and at the motion hearing that several drug purchases had taken place in appellants' bathroom, and that in his experience drugs were often flushed to avoid detection. Other confidential informants told investigators that quantities of drugs were kept in the bathroom. In short, the same facts that justified the authorization of a night-time search authorized the no-knock execution.

This is not to say that officers are permitted to forcibly enter a home without knocking and announcing any time a nighttime search warrant is issued. Whether the reasonableness requirement adopted by the Supreme Court in *Wilson* has been satisfied depends largely upon the facts of each case. In this case, the entry into appellants' home was reasonable under the circumstances.

Affirmed.

JENNINGS and BIRD, JJ., agree.