Rushun Abdul FOSTER *v.* STATE of Arkansas

CA CR 98-1035                     991 S.W.2d 135

Court of Appeals of Arkansas
Division III
Opinion delivered April 28, 1999

*Gregory E. Bryant*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. The appellant, Rushun Foster, entered conditional guilty pleas in two cases pursuant to Arkansas Rule of Criminal Procedure 24.3(b). In CR 97-1704, appellant pleaded guilty to possession of cocaine with intent to deliver, simultaneous possession of drugs and firearms, maintaining a drug premise, possession of drug paraphernalia, and possession of marijuana. These charges arose from the execution of a search warrant of a residence on January 2, 1997. In CR 97-1279, appellant pleaded guilty to possession of cocaine with intent to deliver, possession of drug paraphernalia, and maintaining a drug premise. These charges arose from the execution of a second search warrant of the same residence on January 13, 1997. On appeal, appellant argues that the lower court erred by failing to

suppress the evidence obtained by police officers during the execution of the two search warrants.

■ ■  In reviewing the denial of a motion to suppress evidence, we make an independent examination based upon the totality of circumstances and reverse only if the decision is clearly against the preponderance of the evidence. *Mullinax v. State*, 327 Ark. 41, 938 S.W.2d 801 (1997). We recognize that the Fourth Amendment incorporates the common-law requirement that police officers must knock and announce their identity before entering a dwelling. *Wilson v. Arkansas*, 514 U.S. 927 (1995). In order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous, futile, or that it would inhibit the investigation of the crime by, for example, allowing the destruction of evidence. *Hale v. State*, 61 Ark. App. 105, 968 S.W.2d 627 (1998).

■  Appellant asserts that the facts in the affidavit supporting the search warrant executed on January 2 were stale and that the affidavit did not state sufficient facts to justify a no-knock search. Appellant failed to argue below that the facts in the affidavit supporting the search warrant were stale. The appellate court has repeatedly held that it will not address arguments, even constitutional arguments, raised for the first time on appeal. *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997).

■  It is the duty of a court confronted with the question to determine whether the facts and circumstances of a particular entry justified waiving the knock-and-announce requirement. *Hale, supra.* Here, the circuit court found that the no-knock entry was appropriate in light of the officers' reasonable suspicion that knocking and announcing their presence would have been dangerous. We will not reverse that finding unless it is clearly against the preponderance of the evidence. *Id.*

■  Detective Johnny Gravett testified that after a confidential informant conducted a drug buy at the residence for the police, the informant told Gravett that there were weapons in the house and that gaining access to the house would be difficult. Gravett's affidavit also contained generalizations about the possi-

bility that evidence could be destroyed and that officers' safety could be compromised if the police knocked and announced themselves before entry. These generalizations alone are not enough to justify waiving the knock-and-announce requirement. *See Richards v. Wisconsin*, 520 U.S. 385 (1997). However, knowing that weapons were seen inside the residence, we believe that the police officers could have been endangered if they knocked and announced themselves. Therefore, based upon the totality of the circumstances, we believe that a no-knock entry was justified.

■ Next, appellant argues that the warrant authorizing the January 13 search did not authorize a no-knock search, and therefore, it was unlawful. In compliance with the warrant, this search was conducted at night. Upon review of the record, we find that the police officers complied with the knock-and-announce requirement. Detective Ralph Breshears testified:

> The police announced their presence and said, 'Little Rock Police Search Warrant,' and I heard a very large crash from the rear of the residence and several on my squad began to scream they had a subject running. The SWAT team went on and made entry into the residence and attempted to secure the residence while we pursued [appellant, who had] jumped through the back window and fled on foot.

In this instance, the police entered the residence only after they had announced themselves and their purpose and heard a crash from inside the house.

■ Even assuming that the police did not properly knock and announce themselves, we believe that their entry was justified. In order to conduct a no-knock search, it is not necessary that the search warrant specifically dispense with the knock-and-announce requirement, because the reasonableness of the officers' decision to make a no-knock entry may be evaluated as of the time of the entry. *See Richards, supra.* Here, Detective Breshears indicated that he had seen weapons in the house during the first search only days before, that the weapons had been readily accessible to the occupants of the house, and that the occupants of the house had an unrestricted view of its surroundings. In light of this, the officers acted reasonably in their no-knock entry to ensure their

safety and to pursue appellant, who was attempting to flee. As a result, we fail to see how the trial court erred.

We cannot say that the trial court's ruling on the motion to suppress was clearly against the preponderance of the evidence. We believe that the two no-knock entries into appellant's home were reasonable under the circumstances.

Affirmed.

BIRD and NEAL, JJ., agree.