Randy ANHALT *v.* STATE of Arkansas

CA CR 99-1264                               13 S.W.3d 603

Court of Appeals of Arkansas
Division IV
Opinion delivered April 5, 2000

*Gordon, Caruth & Virden, P.L.C.*, by: *Ben Caruth*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. After he entered his conditional pleas of guilty to the crimes of manufacture of a controlled substance, possession of a controlled substance, and possession of drug paraphernalia, appellant, Randy Anhalt, appealed

the circuit court's denial of his motion to suppress evidence seized during a nighttime search. He does not argue that the search warrant affidavit failed to state grounds justifying a nighttime search. Rather, he argues that the search warrant authorizing a nighttime search was defective because, in issuing the search warrant, the issuing judicial officer failed to specifically state in the search warrant that he found that a nighttime search was justified. We affirm the court's denial of the motion to suppress.

The search warrant in this case provided that the warrant could be served and the search made at any time in the day or night. While a paragraph in the affidavit listed what it described as "[e]xigent circumstances" for a nighttime search, as noted by appellant, there was no provision in the warrant stating why a nighttime search was necessary. Appellant notes that Ark. R. Crim. P. 13.2(c) provides as follows:

> Upon a finding by the issuing judicial officer of reasonable cause to believe that:
>
> (i) the place to be searched is difficult of speedy access; or
>
> (ii) the objects to be seized are in danger of imminent removal; or
>
> (iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;
>
> the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, and within a reasonable time not to exceed sixty (60) days from the date of issuance.

Appellant also cites *Carpenter v. State*, 36 Ark. App. 211, 214, 821 S.W.2d 51, 53 (1991), which provides that "[t]he wording of Rule 13.2(c) is clear and need only be applied as written, *i.e.*, the warrant must contain not only a finding of justification for a nighttime search, but also an appropriate order authorizing the same." *See also Hale v. State*, 61 Ark. App. 105, 110, 968 S.W.2d 627, 629 (1998).

In view of the following analysis, however, we cannot conclude that the court erred in denying appellant's motion to suppress. First, unlike the search warrant in *Carpenter*, the search warrant here specifically authorized a nighttime search. Second, despite our *gratis dicta* to the contrary in *Carpenter* and *Hale*, Rule

13.2(c) does not provide that the search warrant must state, with particularity, the judicial officer's finding of reasonable cause to believe that circumstances provided in Rule 13.2 (i), (ii), or (iii) are present, justifying a nighttime search. Third, we are guided by *Harris v. State*, 262 Ark. 506, 509-10, 558 S.W.2d 143, 145 (1977), in which the supreme court concluded that there was not a substantial violation of the appellant's rights requiring suppression of evidence[1] even though the search warrant did not recite (as specifically required by the Ark. R. Crim. P. 13.2(b)(ii)) that the judicial officer found reasonable cause for the issuance of the search warrant. In *Harris*, the court concluded that "the magistrate's actual issuance of the search warrant established his finding of reasonable cause even more positively than the insertion of a conclusory finding to that effect would have."

Thus, because Rule 13.2 does not require in the warrant a written recitation of the judicial officer's finding that a nighttime search is justified, and because the *Harris* court concluded that the judicial officer's failure to insert a finding of reasonable cause for issuance of the warrant was not a substantial violation of the appellant's rights, we must conclude that the judicial officer's failure to specifically state in the warrant that a nighttime search was justified did not substantially violate appellant's rights. As in *Harris*, the judicial officer's issuance of a search warrant specifically authorizing a nighttime search established his finding that a nighttime search was justified "even more positively than the insertion of a conclusory finding to that effect would have."

While certainly the better practice would be for the judicial officer to insert in the warrant a specific finding justifying a nighttime search, the judicial officer's failure to do so does not require suppression of evidence seized pursuant to the search warrant. We conclude that the circuit court properly denied appellant's motion to suppress.

Affirmed.

PITTMAN and STROUD, JJ., agree.

---

[1] "A motion to suppress evidence shall be granted only if the court finds that the violation upon which it is based was substantial, or if otherwise required by the Constitution of the United States or of this state." Ark. R. Crim. P. 16.2(e)(1999).